UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM BUSH,
    Petitioner,

v.

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY,
    Respondent.

CASE NO.: 1:11-cv-914

Barrett, J.
Bowman, M.J.

**OPINION AND ORDER**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge. (Doc. 11). In the Report, the Magistrate Judge recommends that (1) Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be denied with prejudice, (2) a certificate of appealability issue only with respect to his claim in Ground One of the petition that his statements to the police after he invoked his right to counsel were obtained in violation of the Fifth Amendment and, thus, should not have been admitted into evidence at his trial, (3) a certificate of appealability be denied as to his remaining claims in Grounds One and Two of the petition, and (4) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would be taken in good faith and that Petitioner be granted leave to appeal *in forma pauperis* upon a showing of financial necessity. (Doc. 11, pp. 42-43).

The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties may waive further appeal if they fail to file objections in a timely manner. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States*

1

*v. Walters*, 638 F.2d 947 (6th Cir. 1981).[1] Petitioner timely filed Objections to the Report (Doc. 12), and subsequently amended his Objections two days later (Doc. 13).

## I. BACKGROUND

The procedural background and the pertinent facts have been thoroughly and adequately summarized in the Report (Doc. 11), and thus, will not be repeated here. However, the Court will identify the facts relevant to its decision when addressing Petitioner's Objections below.

## II. STANDARDS OF REVIEW

### A. Objections to Report

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the magistrate [judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### B. Section 2254(d)

As Petitioner raised his grounds for federal habeas relief on appeal to the Ohio Court of Appeals and the Ohio Supreme Court, and the Ohio Court of Appeals addressed them on the merits (*see* Doc. 8, Exs. 6, 8, 10), the applicable standard of review is set forth in 28 U.S.C. § 2254(d). Under that provision, a writ of habeas corpus

---
[1] Notice was attached to the Report. (Doc. 11, p. 44).

2

may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Given that the Magistrate Judge has thoroughly and correctly explained those provisions in the Report (Doc. 11, pp. 5-7), the Court incorporates that explanation by reference instead of repeating it again here.

### III. ANALYSIS

#### A. Ground One Objections

Petitioner contends that the Magistrate Judge should have considered the two claims brought under Ground One together instead of "artificially separate[ing]" them. (Doc. 13, p. 2). More specifically, Petitioner argues that the evidence of his drug usage should have been considered in determining whether he knowingly waived his rights when he continued to make statements to police after invoking the right to counsel. He contends that the evidence of his drug usage "coupled with his requests for counsel and the fact that he asked questions which the police used to continue the interview, taken in their totality, indicate that these statements should have been suppressed." (Doc. 13, p. 3). He further contends that the error was not harmless because at least one eyewitness was unable to identify him as the shooter. (Doc. 13, p. 3).

Having reviewed the issue *de novo* in light of Petitioner's objections, the Court finds that Petitioner's objections do not alter the correct conclusion reached by the Magistrate Judge. Petitioner does not contend that the Magistrate Judge erred in

3

determining that his possible drug use on that day did not impair his ability to knowingly, voluntarily and intelligently waive his *Miranda* rights at the outset of the police interview. The Magistrate Judge made that determination after engaging in the following analysis. First, the Magistrate Judge noted that "'[t]he Supreme Court has never said that impairments from drugs, alcohol, or other similar substances can negatively impact' a suspect's waiver of his *Miranda* rights." *Treesh v. Bagley*, 612 F.3d 424, 434 (6th Cir. 2010) (quoting *Matylinsky v. Budge*, 577 F.3d 1083, 1095 (9th Cir. 2009)). Second, the Magistrate Judge correctly recognized that even a person under the influence of drugs could knowingly, voluntarily and intelligently waive his or her *Miranda* rights where there was no police coercion. (Doc. 11, pp. 18-19). Third, the Magistrate Judge correctly determined, upon review of Petitioner's recorded and transcribed police interrogation, that Petitioner fully understood all that was said to and asked of him during the interview and did not display behavior that remotely suggested that his cognitive abilities were impaired by either drug or alcohol use. (Doc. 11, p. 19). As such, she found that he was able to knowingly, voluntarily and intelligently waive his *Miranda* at the outset of the police interview despite his possible use of drugs that day. (Id.)

Petitioner presents no argument or authority that demonstrates that his possible drug use that day somehow affected his ability to waive his rights after requesting counsel differently than his ability to waive his rights at the outset of the police interview. Further, having reviewed the record and the Magistrate Judge's analysis, the Court finds no basis for such an argument. As the Magistrate Judge recognized, "'the Supreme Court has never said that impairments from drugs, alcohol, or other similar substances can negatively impact' a suspect's waiver of his *Miranda* rights[,]" *see Treesh*, 612 F.3d

4

at 434 (quoting *Matylinsky*, 577 F.3d at 1095), and the record of the police interrogation reflects that Petitioner was fully able to understand all that was said to and asked of him and did not display behavior that suggested that his cognitive abilities were impaired by either drug or alcohol use.  As such, Petitioner's objection that the Magistrate Judge erred in not considering that his statements made after invoking the right to counsel were not knowingly or voluntary due to his drug usage are unavailing and must fail.

However, even if the Magistrate Judge had erred in not considering whether Petitioner was impaired by either drug or alcohol use when he continued speaking to the police after invoking the right to counsel, the Court finds that such an error would not alter the conclusion.  After thoroughly considering the record to determine whether Petitioner understood that he was waiving his previously invoked right to counsel by continuing the conversation with the police, the Magistrate Judge determined that it was a close question.  (Doc. 11, pp. 21-28).  Since it was a close question, the Magistrate Judge gave Petitioner the benefit of the doubt by assuming, without deciding, that the Ohio Court of Appeals unreasonably applied the applicable Supreme Court precedents by failing to assess whether, under the totality of the circumstances, Petitioner knowingly waived his right to counsel each time he initiated conversations with the police after invoking that right.  (Doc. 11, p. 28).  The Magistrate Judge also assumed, without deciding, that "there is no possibility that fairminded jurists could disagree" that the statements made by Petitioner in his police interview after he lodged his first request for counsel were obtained in violation of *Miranda* and, therefore, inadmissible at trial.  (Doc. 11, p. 28) (citing *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011).  In doing so, the Magistrate Judge reached the same outcome she would have if she had

determined the drug usage impaired his ability to knowingly and voluntarily waive his rights after lodging requests for counsel.

However, the analysis does not end there. As the Magistrate Judge correctly determined (Doc. 11, p. 29), the petitioner is not entitled to relief unless the admission of statements made after the requests for counsel, viewed in the context of the entire record, "had [a] substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623, 638 (1993). Here, the Magistrate Judge concluded that she did not have "grave doubts" as to whether the admission of Petitioner's custodial statement had a substantial and injurious effect or influence on the jury's verdict. (Doc. 11, pp. 30-35). Although Petitioner objects to that conclusion on the grounds that identification by at least one witness was not consistent with Petitioner's guilt and "could have raised reasonable doubt in a juror's mind" (Doc. 13, p. 3), the Court finds that the Magistrate Judge did not err in her conclusion.

Having reviewed the relevant standards, the relevant caselaw, and the record evidence, the undersigned agrees with the Magistrate Judge that there was substantial independent evidence upon which to identify Petitioner as the shooter and to base his guilt for murder. Although, as the Magistrate Judge accurately acknowledged (Doc. 11, p. 34), eyewitness David King's equivocal identification of Petitioner could not be given much weight, two other witnesses identified Petitioner as the shooter (Trial Tr. 315-321, 373-84). One of those was an eyewitness to the crime while the other was a friend of Petitioner's who reluctantly testified at trial about Petitioner's admission to her that he was the shooter. (Id.) Further, the jury heard testimony from King and another eyewitness who corroborated and confirmed the credibility to be accorded to the version

6

of events set forth by the other witnesses. (Trial Tr. 195-99, 264, 271-78). Based on the record as a whole, the Court agrees that in light of the substantial independent evidence, the failure to suppress Petitioner's admission to the police of his identity as the shooter did not substantially sway the jury to find Petitioner guilty of the charged murder offense.[2] Accordingly, Petitioner's objection is overruled.

Nevertheless, the Court also agrees that a certificate of appealability should issue with respect to Ground One of the Petition that Petitioner's statements to the police after he invoked his right to counsel were obtained in violation of the Fifth Amendment, and therefore, should not have been admitted into evidence at trial. A certificate of appealability should issue when the petitioner makes a "substantial showing of the denial of a constitutional right" and "reasonable jurists could debate whether the Petition on that issue should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Here, the question as to whether Petitioner's statements to the police after he invoked the right to counsel were obtained in violation of the Fifth Amendment, and therefore, should not have been admitted into evidence at trial, satisfies the requisite standard. As such, a certificate of appealability should issue on that limited ground.

**B.     Ground Two Objections**

---

[2] Although the Magistrate Judge further concluded that Petitioner could not prevail on any claim that his statements to the police after he invoked the right to counsel had a substantial and injurious effect or influence on the jury in determining that Petitioner was guilty of murder as opposed to the lesser offense of voluntary manslaughter, Petitioner does not challenge that conclusion. Given that the Court finds that the Magistrate Judge's conclusion was correct, it adopts it here.

Petitioner objects to the Magistrate Judge's characterization of the prosecutor's comment that "the defendant himself never even told you" made in closing arguments as one of silence at trial only. (Doc. 13, p. 3). He contends that "the right to silence is pervasive of the criminal process and includes the right to be silent to the police and this cannot be commented upon." (Doc. 13, p. 3) (citing *Rachel v. Bordenkircher*, 590 F.2d 200 (6th Cir. 2009)). Petitioner further contends that the error was not harmless because of the inability of one witness to identify him as the shooter and the possibility of a lesser charge of voluntary manslaughter. (*Id.*)

Petitioner's argument is unavailing for three reasons. First, it mischaracterizes the Magistrate Judge's conclusion. Contrary to Petitioner's argument, the Magistrate Judge did indeed characterize the prosecutor's comment as involving Petitioner's refusal to testify at trial *and* his right to remain silent during the police interview. She, however, found that the prosecutor's challenged remark was not a direct comment on Petitioner's exercise of his right to remain silent in either respect. (*See* Doc. 11, p. 40) (stating "the prosecutor's challenged remark did not constitute a direct comment on petitioner's exercise of his right to remain silent *during the police interview or his refusal to testify at trial*") (emphasis added).

Second, the Magistrate Judge did not err in determining that the prosecutor's comment did not "so infect[] the trial with unfairness as to make the resulting conviction a denial" of his Fifth Amendment or due process rights. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). When the prosecutor's comment is viewed in the context of the entire argument, it was not directed to Petitioner's exercise of his right to remain silent, but to the inconsistencies in Petitioner's story from the time of his arrest until the time of

trial based upon the statements he made to police that did not include any facts that could support a finding of guilt for the lesser offense of voluntary manslaughter. Moreover, when viewed in its full context, the comment was not made deliberately to suggest to the jury that Petitioner's exercise of his right to remain silent could be used as evidence against him.

Third, the comment did not substantially and injuriously effect or influence the jury's verdict. Not only was the comment a single, isolated incident, but as the Magistrate Judge correctly determined, there also was substantial independent evidence presented at trial to establish that Petitioner was guilty of murder, as opposed to the lesser offense of voluntary manslaughter. (Doc. 11, pp. 34-36, 42).

Accordingly, Petitioner's objections as to the Second Ground are overruled.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's objections (Docs. 12 and 13) are **OVERRULED** and the Magistrate Judge's thorough and correct Report (Doc. 11) is **ADOPTED** in its entirety. Consistent with this Opinion and the Report, it is **ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** with prejudice.

2. A certificate of appealability shall issue only with respect to Petitioner's claim in Ground One of the petition that his statements to the police after he invoked his right to counsel were obtained in violation of the Fifth Amendment, and therefore, should not have been admitted into evidence at trial. A certificate of appealability shall not issue with respect to Petitioner's remaining claims in Grounds One and Two of the petition in

9

the absence of a substantial showing that petitioner has stated a "valid claim of the denial of a constitutional right" or that the issues presented in the remaining claims are "adequate to deserve encouragement to proceed further." See *Slack*, 529 U.S. at 484 (citing *Barefoot*, 463 U.S. at 893 & n.4); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order adopting the Report of the Magistrate Judge would be taken in "good faith," and therefore **GRANTS** Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

4. In light of this Opinion and Order, Petitioner's motion for a decision on his Petition (Doc. 14) is hereby **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                                s/ Michael R. Barrett
                                                Michael R. Barrett, Judge
                                                United States District Court